UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGARET D.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C25-6096-BAT

**ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS**

Plaintiff Margaret D. seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erred in rejecting her testimony and the lay witness evidence from her husband and remand for an award of benefits is the appropriate remedy for this error. Dkt. 8. The Court agrees and therefore **REVERSES** the Commissioner's final decision and **REMANDS** the matter for calculation of an immediate award of benefits.

## BACKGROUND

Plaintiff is currently 48 years old and was 41 years old on the alleged onset date, has at least a high school education, and has no past relevant work. Tr. 757. In July 2020, she applied for benefits, alleging disability as of January 17, 2020. Tr. 241. After her application was denied initially and on reconsideration, the ALJ conducted a hearing and, in October 2021, issued a decision finding her not disabled. Tr. 16-27. Plaintiff sought judicial review, and, in July 2022,

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 1

this Court reversed the Commissioner's final decision and remanded for further administrative proceedings. Tr. 920-26. On remand, the ALJ conducted another hearing and, in November 2023, issued a second decision finding plaintiff not disabled. Tr. 897-908. Finding the November 2023 decision did not comply with this Court's July 2022 decision, the Appeals Council remanded the case to a different ALJ for further proceedings. Tr. 916-17. The new ALJ conducted two additional hearings and, in September 2025, issued a third decision finding plaintiff not disabled. Tr. 738-58. Plaintiff now seeks judicial review of the third decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date; she had the following severe impairments: depressive disorder, anxiety disorder, obesity, obstructive sleep apnea, chronic fatigue syndrome, and Hashimoto's thyroiditis; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 741-42. The ALJ found plaintiff had the residual functional capacity (RFC) to perform light work, except she can frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds; she can frequently balance, stoop, kneel, crouch, and crawl; she can perform simple, routine tasks; and she requires regular work breaks at 2-hour intervals. Tr. 744. The ALJ found plaintiff had no past relevant work but, as there are jobs that exist in significant numbers in the national economy she can perform, she is not disabled. Tr. 757-58.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is unsupported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

---

[1] 20 C.F.R. § 404.1520.

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 2

*Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of harmless error. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id*.

### A.   Plaintiff's Testimony

Plaintiff argues the ALJ erred in rejecting her testimony. Specifically, she argues the reasons the ALJ gave for rejecting her testimony about her fatigue were invalid, and the ALJ improperly relied on the same reasons this Court found erroneous in its July 2022 decision reversing the ALJ. Dkt. 8 at 3; Dkt. 11 at 3. The Court agrees.

Where, as here, the ALJ did not find plaintiff was malingering, the ALJ must provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's finding a claimant's testimony is not credible must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

The ALJ gave several reasons for discounting plaintiff's testimony, finding it was inconsistent with the evidence from the treatment record, which the ALJ summarized at length (Tr. 746-52); a limitation to light work with postural limitations, but not greater limitations, was supported by findings of normal gait, strength, and range of motion (Tr. 752); the mental health

limitations were consistent with findings of grossly intact and/or normal cognition and memory, but a limitation to simple, routine tasks and regular work breaks at 2-hour intervals accounted for her complaints of fatigue and depression (Tr. 752); and that the record did not support significant limitations in interacting with others, adapting or managing herself, or activities of daily living (Tr. 752).

With respect to plaintiff's reports of fatigue and difficulty concentrating, the ALJ found plaintiff was noted to be fatigued at only two appointments despite her consistent reports of difficulty sleeping. Tr. 753. The ALJ found although plaintiff testified to periods of spacing out or losing time and that she changed tasks every 15 minutes so she was physically moving around to keep her brain active, plaintiff continued to drive, she rarely reported these episodes to her providers, and it was unclear from the record if she pursued referrals for brain imaging. Tr. 753. The ALJ found the record showed providers consistently noted essentially normal findings in the areas of memory and concentration. Tr. 753. And the ALJ found in addition to not presenting with observable signs of the extreme exhaustion that she alleges, plaintiff reported a regular schedule of activities that were inconsistent with the degree of fatigue she alleged and were consistent with a work setting that allowed for the limitations in the RFC finding. Tr. 754.

The ALJ's assessment of plaintiff's testimony about her fatigue is in direct contradiction to this Court's prior assessment of this case. This Court previously found the evidence related to plaintiff's sleep and fatigue issues "does not demonstrate improvement inconsistent with Plaintiff's testimony or allegations, nor can the findings related to Plaintiff's sleep symptoms be reasonably described as unremarkable." Tr. 924. The Court directed the ALJ to evaluate whether plaintiff's symptoms of fatigue improved with additional treatment. Tr. 925. Instead, the ALJ dismissed plaintiff's allegations regarding fatigue because of a lack of objective support in the

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 4

form of provider notations of fatigue, without assessing whether her fatigue had improved with further treatment.

This Court also previously found the ALJ improperly rejected plaintiff's testimony based on her reported daily activities because the ALJ did not cite to any activities that contradicted plaintiff's allegations or make a finding that plaintiff's activities demonstrated transferable work skills. Tr. 924. The ALJ again relied on plaintiff's activities to discount her allegations of fatigue, noting that plaintiff reported activities such as building display boxes, tutoring a high school student, walking and working out on an elliptical machine, and taking care of her apartment and cats. Tr. 754. But the ALJ failed to explain how these activities were inconsistent with plaintiff's reports of engaging in an activity for 15 minutes before switching to a different activity or otherwise contradicted her testimony. And the ALJ again made no finding that these activities meet the threshold for transferable work skills.

This Court previously directed the ALJ to either credit plaintiff's allegations regarding sleep and fatigue or provide legally sufficient reasons to discount them. The ALJ failed to do so and thus erred in rejecting plaintiff's testimony about her fatigue.

**B.    Remedy**

Plaintiff asks the Court to credit her testimony as true and remand this case for an award of benefits. Dkt. 8 at 16. The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule and may

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 5

instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The Court finds all the conditions for an award of benefits are met. After four hearings and three decisions, the record has been fully developed and further administrative proceedings would serve no useful purpose. The ALJ failed, for a third time, to provide valid reasons to reject plaintiff's testimony. And, if the improperly rejected testimony were credited as true, the ALJ would be required to find plaintiff disabled for the closed period at issue. The vocational experts testified a person who needs to switch tasks every 15 to 20 minutes or who requires additional, unscheduled breaks throughout the workday would not be able to maintain employment. Tr. 102-03, 791, 829, 985-52. Finally, the Court finds no reason to exercise its discretion and allow the ALJ a fourth opportunity to consider plaintiff's testimony about her fatigue. Instead, the Court concludes remand for an award of benefits is the appropriate remedy in this case.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for calculation of an immediate award of benefits.

DATED this 1st day of May, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 6